# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: B.L., T.L., & V.L.**

**No. 13-0686** (Calhoun County 11-JA-27, 30 & 31)

**FILED**

**November 26, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Mother, by counsel Erica Brannon Gunn, appeals the Circuit Court of Calhoun County's order entered on June 24, 2013, terminating her parental rights to her children B.L., T.L., and V.L. The West Virginia Department of Health and Human Resources ("DHHR"), by Lee Niezgoda, its attorney, filed its response in support of the circuit court's order. The guardian ad litem, Tony Morgan, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in adjudicating her an abusing parent and refusing to grant an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR filed an abuse and neglect petition in October of 2011 against the children's father, based upon allegations of his poorly maintained home, as well as a lack of adequate supervision, hygiene, and stability for the children. The father's parental rights to the children were terminated thereafter. In August of 2012, petitioner was added to the petition for abuse and neglect in an amended petition, which was further amended in November of 2012. The amended petition alleged abandonment and neglect of the children due to petitioner failing to maintain stable housing, extensive involvement with CPS dating back to 1998, that her parental rights to these children had been terminated by the State of Georgia, that her parental rights to these children had been terminated by the State of Ohio, and that she had admitted she was unable to care for the children.[1] In February of 2013, the circuit court adjudicated petitioner to have neglected her children, finding that she knew the father was abusive and neglectful and failed to protect her children from him, and that she failed to provide for her children. In May of 2013, at the dispositional hearing, the circuit court found that petitioner did not take responsibility for her children's abuse and neglect and that she had recurrent episodes of poor parental judgment; it also found that her failure to protect her children from harm demonstrates an unlikeliness to fully

---

[1] The record is unclear as to whether the actions in Ohio and Georgia resulted in the termination of her parental rights, but it is undisputed that courts in Ohio and Georgia addressed abuse and neglect issues that petitioner had in relation to the same children involved in this case.

1

participate in an improvement period. The circuit court found that granting petitioner an improvement period would endanger the health, safety, and well-being of the children, and would not be in their best interest. Petitioner appeals from an order entered following the dispositional hearing, terminating her parental rights.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.* 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner argues that the circuit court erred when it adjudicated her as having neglected the children because she had made some telephonic contact with the children, did not assent to the children moving in with their father, and her failure to visit the children in person was due solely to her lack of financial resources.

A neglected child is one

[w]hose physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent, guardian or custodian to supply the child with necessary food, clothing, shelter, supervision, medical care or education, when such refusal, failure or inability is not due primarily to a lack of financial means on the part of the parent, guardian or custodian.

W.Va. Code § 49-1-3(10)(A)(i). A review of the record reveals that petitioner agreed to let her children live with their father, despite her knowledge of the father having had sexual contact with a minor and a history of domestic violence. Additionally, petitioner states that she had contact with the children over the phone and internet, but admits she did not see them for over two years. Finally, petitioner's argument that her failure to visit the children was due to a lack of financial resources is without merit, as evidenced by petitioner attending hearings in West Virginia from Ohio throughout the underlying proceedings, despite at times living in a homeless shelter. For two years prior to the proceedings, petitioner failed to visit, protect, or support her children in any way, never requesting a visit or attempting to secure custody of her children. For these reasons, this Court finds that the circuit court was presented with sufficient evidence to find that

2

petitioner neglected the children within the meaning of West Virginia Code § 49-1-3(10).

Petitioner also argues that she was wrongfully denied an improvement period. She argues that she is willing to participate in an improvement period and that she had gained employment and appropriate housing in order to do so. Pursuant to West Virginia Code § 49-6-12, a respondent parent bears the burden of proving that he or she will substantially comply with an improvement period; consequently, the circuit court has the discretion to deny an improvement period if the circuit court finds that this burden has not been met. Further, this Court has instructed circuit courts not to unnecessarily extend abuse and neglect proceedings when it held that

> "...courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened. . . ." Syl. Pt. 1, in part, *In Re: R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Here, petitioner has an extensive history of involvement with protective services with these children in multiple states due to her neglect and she failed to provide for her children for over two years, even after being told of the most recent intervention against their father. This Court finds that the circuit court had a sufficient basis for finding that an improvement period would not be in the best interest of the children. The circuit court did not err when it found no reasonable likelihood that the conditions of abuse and neglect will be substantially corrected and that reunification of the parents and children is not in the best interest of the children. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings. This Court finds no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court and the termination of petitioner's parental rights is hereby affirmed.

Affirmed.

**ISSUED**: November 26, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II